UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

WILLIAM ESCALERA,
                              Plaintiff,

                                                                          9:08-CV-0412
v.                                                                           (GLS/GHL)

H. GRAHAM, Superintendent; *et al.*,
                              Defendants.
_____

APPEARANCES:                                               OF COUNSEL:

WILLIAM ESCALERA, 04-A-1380
   Plaintiff, *Pro Se*
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

GEORGE H. LOWE, United States Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

      This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me by the Honorable Gary L. Sharpe, United States District Judge, to hear and determine all pretrial matters (of a non-dispositive nature) and issue report-recommendations on all dispositive matters before the Court, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Currently before the Court is Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 2.) For the reasons discussed below, I deny Plaintiff's motion pursuant to 28 U.S.C. § 1915(g), and I recommend that the Court *sua sponte* dismiss his Complaint (pursuant to 28 U.S.C. §§ 1915[e][2][B][ii], 1915A) if he has not, within thirty (30) days of the date of this Order and Report-Recommendation, (1) paid the Court's filing fee of three hundred fifty dollars ($350), and (2) filed an Amended Complaint that complies with Fed. R. Civ. P. 8(a)(2), 10(b), and 12(b)(6).

I.        SUMMARY OF PLAINTIFF'S COMPLAINT

Generally, in his Complaint, William Escalera ("Plaintiff") alleges that eight employees of Auburn Correctional Facility ("Auburn C.F."), and an unidentified number of members of the "Time Allowance Committee" at Auburn C.F. (collectively "Defendants"), violated his rights under the First, Eighth and Fourteenth Amendment in the following five ways:

(1) They were deliberately indifferent to his serious medical needs in various unspecified ways between October 5, 2004 (when he was admitted to Auburn C.F.) and April 12, 2008 (the time he dated his Complaint in this action), both before and after approximately April of 2006, when he underwent surgery to remove a bunion on the big toe of his right foot;

(2) They were deliberately indifferent to his serious medical needs when, following his making of "sick call" requests on April 4, 2008, and April 7, 2008 (presumably regarding his "seizures disorder" and "history of eczema"), he was seen by a nurse who denied his request for "medications, [a] medical shower, and appoints. to see [a] doctor";

(3) They wrongfully convicted him of disciplinary charges on February 25, 2008;

(4) They wrongfully terminated him from the Auburn C.F. Alcohol Substance Abuse Treatment ("ASAT") Program, because of the thirty (30) day sentence of keeplock confinement that was imposed on him following his disciplinary conviction on February 25, 2008, and they wrongfully denied his request to be reinstated in that Program; and

(5) They wrongfully denied him due process of law, an impartial hearing officer, and equal protection of the law during a hearing conducted on April 9, 2008, regarding a grievance that Plaintiff had filed against a correctional officer on February 10, 2008, alleging assault. (*See generally* Dkt. No. 1 [Plf.'s Compl.].)

## II.   DISCUSSION

### A.   Three Strikes Rule

Under the so-called "Three Strikes Rule" set forth in the federal statute governing *in forma pauperis* proceedings,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Here, I find that, before Plaintiff brought this action on April 12, 2008, he had acquired at least five (5) "strikes" for purposes of 28 U.S.C. § 1915(e)(2):

Strike 1: *Escalera v. Seligman*, 05-CV-1391, Order of Dismissal (S.D.N.Y. filed Feb. 2, 2005) (Mukasey, J.) (*sua sponte* dismissing Plaintiff's prisoner civil rights action pursuant to 28 U.S.C. § 1915[e][2], and certifying that any appeal therefrom would not be taken in good faith), *appeal dismissed*, No. 05-1603, Order of Dismissal (2d Cir. filed May 11, 2005);[1]

---

[1]   A strong argument exists that the Order of Dismissal by the Second Circuit, *Escalera v. Seligman*, No. 05-1603, constituted an additional "strike" for purposes of 28 U.S.C. § 1915(e)(2)(B)(i), although the Order was, on its face, based on Plaintiff's failure to pay the required filing fee. This is because the Second Circuit required the payment of a filing fee only *because* it had previously found that Plaintiff's appeal was frivolous in that the appeal did not involve any legal points arguable on its merits (and thus no reason existed to reverse the district court's decision to deny Plaintiff *in forma pauperis* status on appeal, i.e., after the district court had found that any such appeal would not be "taken in good faith"). *See Escalera v. Seligman*, No. 05-1603, Order (2d Cir. filed July 8, 2005) (denying Plaintiff's motion to proceed *in forma pauperis* on appeal because his "claims lack merit").

Strike 2: *Escalera v. New York City Housing Dept.*, 05-CV-1446, Order of Dismissal (S.D.N.Y. filed Feb. 4, 2005) (*sua sponte* dismissing Plaintiff's prisoner civil rights action for failure to state claim pursuant to 28 U.S.C. § 1915[e][2][B][ii], and certifying that any appeal therefrom would not be taken in good faith) (Mukasey, J.), *appeal dismissed*, No. 05-1597, Order of Dismissal (2d Cir. filed June 2, 2005);

Strike 3: *Escalera v. N.Y.P.D.*, 05-CV-1435, Order of Dismissal (S.D.N.Y. filed Feb. 4, 2005) (*sua sponte* dismissing Plaintiff's prisoner civil rights action for failure to state claim and for seeking monetary relief against defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915[e][2][B][ii],[iii]) (Mukasey, J.), *appeal dismissed*, No. 05-1602, Order of Dismissal (2d Cir. filed Nov. 4, 2005);

Strike 4: *Escalera v. Selsky*, 06-CV-0837, Order of Dismissal (N.D.N.Y. filed March 8, 2007) (Kahn, J.) (dismissing Plaintiff's prisoner civil rights action for failure to comply with Order filed Nov. 6, 2006, *sua sponte* requiring Plaintiff, pursuant to 28 U.S.C. § 1915[e][2][B], to file amended complaint due to the failure of his original complaint to state a claim upon which relief might be granted pursuant to Fed. R. Civ. P. 8[a][2], 10[b], and 12[b][6]); and

Strike 5: *Escalera v. Charwand*, 04-CV-0983, Order of Dismissal (N.D.N.Y. filed March 12, 2008) (Scullin, J.), *adopting* Report-Recommendation (N.D.N.Y. filed Feb. 19, 2008) (Peebles, M.J.) (recommending Plaintiff's prisoner civil rights action be dismissed for failure to state claim pursuant to Fed. R. Civ. P. 12[b][6] and, in the alternative, failure to adduce sufficient evidence to create a triable issue of fact pursuant to Fed. R. Civ. P. 56).[2]

---

[2]     Although the Report-Recommendation in *Escalera v. Charwand*, 04-CV-0983 (N.D.N.Y.) addressed defendants' motion for summary judgment, the Report-Recommendation rather expressly ruled that each of Plaintiff's three claims (i.e., his free-speech claim, his due

Moreover, I find that Plaintiff has not shown that he is "under imminent danger of serious physical injury," sufficient to create an exception to the "Three Strikes Rule." *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim . . . *unless the prisoner is under imminent danger of serious physical injury*.") [emphasis added].

Because 28 U.S.C. § 1915(g) creates an exception for prisoners who are under imminent danger of serious physical injury when they "bring a civil action," the imminent-danger exception applies only when such danger exists *at the time the action is brought*, i.e., at the time the complaint is filed. *See Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002), *accord*, *Polanco v. Hopkins*, No. 07-1739, 2007 WL 4258724, at *2-3 (2d Cir. Dec. 6, 2007) (declining to overturn the Second Circuit's time-of-filing interpretation set forth in *Malik v. McGinnis*). Moreover, when determining whether a prisoner has qualified for the "imminent danger" exception, courts look at the non-conclusory allegations in the plaintiff's complaint.[3]

---

process claim, and his equal protection claim) was deficient *first* in that it failed to allege sufficient facts to state a claim (i.e., pursuant to Fed. R. Civ. P. 12[b][6]) and *second* in that it failed to have sufficient record support (i.e., pursuant to Fed. R. Civ. P. 56). *See Escalera v. Charwand*, 04-CV-0983, Report-Recommendation, at 17-18, 20, 22, 24 (N.D.N.Y. filed Feb. 19, 2008) (Peebles, M.J.). Clearly, a motion for summary judgment may be denied on the ground that the plaintiff failed to state a claim upon which relief might be granted. *See Schwartz v. Compagnise General Transatlantique*, 405 F.2d 270, 273-74 (2d Cir. 1968) ("Where appropriate, a trial judge may dismiss for failure to state a cause of action upon motion for summary judgment.") [citations omitted], *accord*, *Katz v. Molic*, 128 F.R.D. 35, 37-38 (S.D.N.Y. 1989) ("This Court finds that . . . a conversion [of a Rule 56 summary judgment motion to a Rule 12(b)(6) motion to dismiss the complaint] is proper with or without notice to the parties.").

[3]     *Johnson v. Connolly*, 07-CV-0158, 2008 WL 724167, at *9 & n.18 (N.D.N.Y. March 17, 2008) (on *de novo* review, adopting Report-Recommendation of Lowe, M.J., recommending revocation of plaintiff's *in forma pauperis* status due to "Three Strikes Rule" in

Here, Plaintiff's Complaint, which is summarized above in Part I of this Order and Report-Recommendation, does not allege facts plausibly suggesting that, at the time that he signed his Complaint (April 12, 2008),[4] he was under imminent danger of serious physical injury. The closest that Plaintiff comes to making such an allegation is when he alleges that, following his making of "sick call" requests on April 4, 2008, and April 7, 2008 (presumably regarding his "seizures disorder" and "history of eczema"), he was seen by a nurse who denied his request for "medications [presumably including "Dilantin Phyentoin [sic] Sodium 100 mg."], [a] medical shower, and appoints. to see [a] doctor." (Dkt. No. 1, at 4 [Plf.'s Compl.].) Plaintiff's allegation about not receiving adequate care for his eczema through the provision of unspecified

---

part because plaintiff had not, in his complaint, asserted non-conclusory allegations that he was in imminent danger of serious physical injury) [citations omitted]; *Welch v. Fisher*, 07-CV-0929, 2007 WL 3231992, at *1-2 (N.D.N.Y. Oct. 30, 2007) (McAvoy, J.) (concluding that plaintiff had failed to allege imminent danger of serious physical injury) [citations omitted]; *see also Abdrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[A]ll [circuits] maintain a singular focus on the facts alleged in the complaint in deciding whether a prisoner faced the requisite harm.") [collecting cases]; *Ibrahim v. Dist. of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006) ("In determining whether he qualifies [for the 'imminent danger' exception], we look to the complaint . . . ."); *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) ( "[T]he issue [under § 1915(g)] is whether his complaint, as a whole, alleges imminent danger of serious physical injury."); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("Before denying leave to proceed IFP, courts must review a frequent filer's well-pled allegations to ensure that the prisoner is not in imminent danger.") [citation omitted]; *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998) ("Prior to denying leave to proceed IFP, courts must review a frequent filer prisoner's well-pled allegations to ensure that the prisoner is not under imminent danger of serious physical injury.") [internal quotation marks and citation omitted], *abrogated on other grounds*, *Jones v. Block*, 127 S. Ct. 910 (2007).

[4]   Under the "prison mailbox rule," the date of *filing* is deemed to be the date that the prisoner-plaintiff is presumed to have handed his complaint to a prison guard for *mailing*, which is the date that the complaint was *signed*. *See Shaw v. Superint., Attica Corr. Facility*, 03-CV-0610, 2007 WL 951459, at *3 n.3 (N.D.N.Y. March 28, 2007) (McCurn, J.) (habeas corpus proceeding) [citations omitted]; *Garraway v. Broome County, N.Y.*, 03-CV-0681, 2006 WL 931729, at *3-4 (N.D.N.Y. Apr. 7, 2006) (McAvoy, J.) (prisoner civil rights action) [citation omitted].

"medications" and a "medical shower" hardly alleges an imminent danger of *serious* physical injury.[5] Moreover, his allegation about not receiving adequate care for his "seizure[] disorder" (apparently) through the provision of "Dilantin Phyentoin [sic] Sodium" upon his request for that drug on April 4, 2008, and April 7, 2008, does not allege that he was under an *imminent danger* of serious physical injury on April 12, 2008. For example, Plaintiff does not allege that (1) the medical staff at Auburn C.F. was, on April 12, 2008, refusing to see him (to the contrary, he alleges he was seen by a nurse in response to his sick call requests on April 4, 2008, and April 7, 2008), and (2) he was altogether without Dilantin Phenytoin Sodium on April 12, 2008, or that the drug was even necessary to prevent him from suffering serious-physical-injury-causing seizures on a daily basis. It is worth noting that the crux of Plaintiff's seizure claim appears to be a disagreement with a medical care professional over his need for Dilantin Phenytoin Sodium, which generally is not even actionable under 42 U.S.C. § 1983.[6]

---

[5] *See Williams v. Louisiana*, 07-CV-0602, 2007 U.S. Dist. LEXIS 46376, at *7, 11-12 (E.D. La. May 7, 2007) (prisoner was not in imminent danger of serious physical injury for purposes of 28 U.S.C. § 1915[g], where he alleged that he "has not been furnished a specialized diet for his diabetes and hypertension, nor has he been provided with eyeglasses, hearing aids, or dental plates," and he "complains of a *painful skin condition* and [that he] is in need of back and neck surgeries which had reportedly been recommended by his private physicians prior to him being incarcerated in 2004," but his attachments to his petition reveal that his medical complaints had not been ignored but had been "responded to in a reasonably prompt fashion") [emphasis added]); *Menefee v. Pramstaller*, 06-CV-12922, 2006 U.S. LEXIS 52384, at *3-4 (E.D. Mich. July 31, 2006) ("Plaintiff fails to allege that he is under imminent danger of future harm. Rather, Plaintiff complains that his medical needs are not being met regarding his dental care, allergies, podiatry issues, *skin discoloration*, lack of access to his eye glasses, etc.") [emphasis added].

[6] *See Murphy v. Grabo*, 94-CV-1684, 1998 WL 166840, at *4 (N.D.N.Y. Apr. 9, 1998) (Pooler, J.) ("Deliberate indifference, whether evidenced by [prison] medical staff or by [prison] officials who allegedly disregard the instructions of [prison] medical staff, requires more than negligence. . . . Disagreement with prescribed treatment does not rise to the level of a constitutional claim. . . . Additionally, negligence by physicians, even amounting to malpractice, does not become a constitutional violation merely because the plaintiff is an inmate. . . . Thus,

Because Plaintiff had acquired at least three strikes before he brought this action, and because he does not allege facts plausibly suggesting that he was under imminent danger of serious physical injury when he brought this action, I deny his motion to proceed *in forma pauperis*.

**B.     Deficiencies in Plaintiff's Complaint**

Setting aside the prohibition established by the Three Strikes Rule, I find that Plaintiff's Complaint is subject to dismissal due to several pleading deficiencies:

(1) The handwriting of the Complaint is so illegible, and the paragraphs of the Complaint (which are not numbered) wander so freely from one circumstance to the next that the Complaint is confusing, ambiguous, vague and/or otherwise unintelligible under Fed. R. Civ. P. 8(a)(2) and 10(b);

(2) With regard to Plaintiff's apparent claim that he was deprived of adequate medical care for his foot between October 5, 2004, and April 12, 2005, that claim appears to be barred by the three-year limitations period governing claims brought under 42 U.S.C. § 1983 in federal courts sitting in New York State;

(3) With regard to any claim that Plaintiff was deprived of adequate medical care for his foot on or about November 30, 2006, that claim appears to be (or apparently will be) barred by the doctrines of res judicata and/or collateral estoppel since that claim is currently being litigated

---

claims of malpractice or disagreement with treatment are not actionable under section 1983.") [citations omitted]."); *Sonds v. St. Barnabas Hosp. Corr. Health Servs.,* 151 F. Supp.2d 303, 312 (S.D.N.Y. 2001) (prisoner's "disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention [with regard to the treatment of his broken finger], are not adequate grounds for a section 1983 claim. These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment.") [citation omitted].

in the case of *Escalara v. Fischer*, 07-CV-1090, Complaint at 11 (N.D.N.Y. filed Oct. 15, 2007) (setting forth Plf.'s "Fourth Claim"), over which Judge Sharpe is presiding; and

(4) With regard to Plaintiff's claim that he was deprived of adequate medical care for his "seizure[] condition" and "history of eczema," his allegations about the efforts he took to exhaust his available administrative remedies regarding that claim are so specific (e.g., he filed a grievance on "4/7/08" and "4/9/08")–and yet so conspicuously devoid of any explanation of how he could have possibly appealed to, and have heard from, DOCS' Central Office Review Committee regarding that grievance by April 12, 2008–that he has effectively "pled himself out of court" with regard to that claim.[7]

For all of these reasons, I recommend that Plaintiff's Complaint be *sua sponte* dismissed unless, within thirty (30) days of the date of this Order and Report-Recommendation, he (1) pays the Court's filing fee of three hundred fifty dollars ($350), and (2) files an Amended Complaint that complies with Fed. R. Civ. P. 8(a)(2), 10(b), and 12(b)(6).

---

[7] A prisoner has no independent *duty* to plead facts plausibly suggesting that he exhausted his available administrative remedies, in order to state an actionable claim under 42 U.S.C. § 1983. *See Jones v. Block*, 127 S. Ct. 910, 919-21 (2007). "[T]his is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim." *Block*, 127 S. Ct. at 919-21. If a prisoner *chooses* to plead facts regarding exhaustion, and those facts plausibly suggest that he failed to exhaust his available administrative remedies, then his Complaint may be dismissed for failure to state a claim. *Id*. at 920-21. Simply stated, if a prisoner says nothing or little about exhaustion in his *pro se* civil rights complaint, he is likely protected from a Fed. R. Civ. P. 12(b)(6) dismissal premised on failure to exhaust. However, if he says too much about exhaustion in that complaint so that his non-exhaustion is readily apparent, he may plead himself out of court.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED** pursuant to 28 U.S.C. § 1915(g); and it is further

**RECOMMENDED** that the Court *sua sponte* **DISMISS** Plaintiff's Complaint (Dkt. No. 1), pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A, if he has not, within **THIRTY (30) DAYS** of the date of this Order and Report-Recommendation, (1) paid the Court's filing fee of three hundred fifty dollars ($350), and (2) filed an Amended Complaint that complies with Fed. R. Civ. P. 8(a)(2), 10(b), and 12(b)(6).

**BE ADVISED that any objections to this Report-Recommendation must be filed with the Clerk of this Court within TEN (10) WORKING DAYS, PLUS THREE (3) CALENDAR DAYS (*see* Fed. R. Civ. P. 6[d]), from the date of this Report-Recommendation**.  See 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), Local Rule 72.1(c), and Fed. R. Civ. P. 6(a)(2).

**BE ALSO ADVISED that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.**[8]

---

[8] *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *Alexander v. Evans,* 88-CV-5309, 1993 WL 427409, at *18, n.8 (S.D.N.Y. Sept. 30, 1993) (declining to consider affidavit of expert witness that was not before magistrate) [citation omitted]; s*ee also Murr v. U.S.*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Petitioner's failure to raise this claim before the magistrate constitutes waiver."); *Marshall v. Chater*, 75 F.3d 1421,

**BE ALSO ADVISED** that the failure to file timely objections to this Report-Recommendation will **PRECLUDE LATER APPELLATE REVIEW** of any Order of judgment that will be entered.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of H.H.S.*, 892 F.2d 15 [2d Cir. 1989]).

Dated: May 27, 2008
      Syracuse, New York

                                        George H. Lowe
                                        United States Magistrate Judge

---

1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.") [citations omitted]; *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) ("By waiting until after the magistrate judge had issued its findings and recommendations [to raise its procedural default argument] . . . Respondent has waived procedural default . . . objection[].") [citations omitted]; *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992); *Patterson-Leitch Co. Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.") [citation omitted].