UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM ESCALERA,
                              Plaintiff,

v.                                                          9:08-CV-0412
                                                          (GLS/GHL)

H. GRAHAM, Superintendent; *et al.*,
                              Defendants.
_____

APPEARANCES:                                            OF COUNSEL:

WILLIAM ESCALERA, 04-A-1380
  Plaintiff, *Pro Se*
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

GEORGE H. LOWE, United States Magistrate Judge

## SUPPLEMENTAL REPORT-RECOMMENDATION

       This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me by the Honorable Gary L. Sharpe, United States District Judge, to hear and determine all pretrial matters (of a non-dispositive nature) and issue report-recommendations on all dispositive matters before the Court, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). On May 27, 2008, I issued (1) an Order denying Plaintiff's motion to proceed *in forma pauperis* because of the "Three Strikes" Rule (pursuant to 28 U.S.C. §§ 1915[g]), and (2) a Report-Recommendation that the Court dismiss Plaintiff's Complaint (pursuant to 28 U.S.C. §§ 1915[e][2][B][ii], 1915A) if he has not, within thirty (30) days, (1) paid the Court's filing fee of three hundred fifty dollars ($350), and (2) filed an Amended Complaint that complies with Fed. R. Civ. P. 8(a)(2), 10(b), and 12(b)(6). (Dkt. No. 7.)

On July 8, 2008 (after being granted two extensions of time by which to do so), Plaintiff filed an Amended Complaint.  (Dkt. Nos. 9-11.)  However, Plaintiff failed to pay the Court's filing fee of three hundred fifty dollars.  (*See* Docket Sheet.)  Indeed, in his Amended Complaint, Plaintiff alleges that he "is without funds and has no way of paying this amount $350.00 to the court in time allowed."  (Dkt. No. 11, at 7 [Plf.'s Am. Compl.].)  Instead, Plaintiff has *apparently* attempted to allege that he was in imminent danger of serious physical injury at the time he brought this action, thus falling under an exception to the "Three Strikes" Rule.[1]  Out of special solicitude to Plaintiff, I have carefully scrutinized his Amended Complaint for any factual allegations plausibly suggesting that he was in imminent danger of serious physical injury at the time he brought this action.[2]  However, I have found none.

---

[1] I say "apparently" because Plaintiff's handwritten Amended Complaint, like his original handwritten Complaint, is barely legible and wanders freely from one circumstance to the next in a confusing fashion.  (*Compare* Dkt. No. 1 [Plf.'s Original Compl.] *with* Dkt. No. 11 [Plf.'s Am. Compl.]; *see also* Dkt. No. 7, at 8 [Report-Recommendation of May 27, 2008].)

[2] As explained in my prior Report-Recommendation, when determining whether a prisoner has qualified for the "imminent danger" exception, courts look at the non-conclusory allegations in the plaintiff's complaint.  *See, e.g., Johnson v. Connolly*, 07-CV-0158, 2008 WL 724167, at *9 & n.18 (N.D.N.Y. March 17, 2008) (on *de novo* review, adopting Report-Recommendation of Lowe, M.J., recommending revocation of plaintiff's *in forma pauperis* status due to "Three Strikes Rule" in part because plaintiff had not, in his complaint, asserted non-conclusory allegations that he was in imminent danger of serious physical injury) [citations omitted]; *Welch v. Fisher*, 07-CV-0929, 2007 WL 3231992, at *1-2 (N.D.N.Y. Oct. 30, 2007) (McAvoy, J.) (concluding that plaintiff had failed to allege imminent danger of serious physical injury) [citations omitted]; *Abdrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[A]ll [circuits] maintain a singular focus on the facts alleged in the complaint in deciding whether a prisoner faced the requisite harm.") [collecting cases]; *Ibrahim v. Dist. of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006) ("In determining whether he qualifies [for the 'imminent danger' exception], we look to the complaint . . . ."); *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) ( "[T]he issue [under § 1915(g)] is whether his complaint, as a whole, alleges imminent danger of serious physical injury."); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("Before denying leave to proceed IFP, courts must review a frequent filer's well-pled allegations to ensure that the prisoner is not in imminent danger.") [citation omitted]; *Rivera v. Allin*, 144 F.3d 719,

As explained in my prior Report-Recommendation, the date that Plaintiff "brought this action," for purposes of the "Three Strikes" Rule, was April 12, 2008 (which was the date on which he signed his original Complaint). (Dkt. No. 7, at 5-6 & n.4.) The only portions of Plaintiff's Amended Complaint that allege any physical injuries at all occurring after 2007 are Paragraphs 2, 7, 8, and 9 of his Amended Complaint.

Specifically, in Paragraph 2 of his Amended Complaint, Plaintiff alleges as follows, in pertinent part:

> On the 24th day of June, 2008, [during an] Auburn Corr. Fac. Medical appt. at approx. 9:50 AM[,] . . . [a] health care provider . . . discovered that I have a hernia in the lower left hand side of stomach near the groin due to excessive force of being ass[a]ulted by CO. Bradely on the 8th day of June 2006. . . . [Now I am] to see [a] surgeon–Dr. Cutie.

(Dkt. No. 11, ¶ 2 [Plf.'s Am. Compl.].) However, Plaintiff alleges no facts plausibly suggesting that he was in imminent danger of serious physical injury *at the time he brought this action*, i.e., on April 12, 2008. (*Id*.) Moreover, even if I were to liberally construe the time-of-filing element of the "Three Strikes" Rule so that it included the date on which Plaintiff signed his *Amended Complaint* (on July 3, 2008),[3] I would still find that Plaintiff alleges no facts plausibly suggesting that he was in imminent danger of serious physical injury at the time he brought this action. This is because Plaintiff does not allege that any medical care provider was (at the time question) refusing to see him, or care for him, with regard to his hernia condition. To the contrary, he

---

726 (11th Cir. 1998) ("Prior to denying leave to proceed IFP, courts must review a frequent filer prisoner's well-pled allegations to ensure that the prisoner is not under imminent danger of serious physical injury.") [internal quotation marks and citation omitted], *abrogated on other grounds*, *Jones v. Block*, 127 S. Ct. 910 (2007).

[3]     (Dkt. No. 11, at 7 [Plf.'s Am. Compl.].)

alleges that, on June 24, 2008, a health care provider diagnosed the hernia condition; and that, on that same date, he was scheduled to be cared for by a surgeon. (*Id*. at ¶ 2.) As a result, this case is analogous to the case of *Green v. Quigley*, in which the U.S. District Court for the Western District of Missouri ruled that, because a prisoner had alleged facts plausibly suggesting that he was receiving medical care for his hernia (although not the medical care he would have liked), he was not in imminent danger of serious physical injury at the time he brought his action, for purposes of the "Three Strikes" Rule. *Green v. Quigley*, 04-CV-4316, 2005 U.S. Dist. LEXIS 42903, at *1-3 (W.D. Mo. July 29, 2005).

In Paragraph 7 of his Amended Complaint, Plaintiff alleges as follows, in pertinent part:

> Under the imminent danger of serious physical injury when this civil action was brought into existence [I] had filed grievances . . . [regarding] the incident which had occurred on the 10th day of February 2008. [On that date] Lieutenant Burnes had opened my cell to . . . question[] [me] about a grievance that was written by [me]. When [I] began to explain[,] Lt. Burnes reached out with his right hand, slapping [me] across the [illegible] side of face while in pursuit of [me] going up the stairs in C-Block.

(*Id*. at ¶ 7.) A slap in the face in February of 2008 hardly constitutes imminent danger of serious physical injury in April or July of 2008.

Finally, in Paragraphs 8 and 9 of his Amended Complaint, Plaintiff alleges as follows, in pertinent part:

> [O]n the 18th day of August, 2006 [D.O.C.S.] performed surgery on [my] right foot big toe [to remove a] bunion . . . and the same procedure was to be done to the left foot. [Since then, I have] been to two different [Special Housing Units–at] Upstate Corr. Fac. and Governeur Corr. Fac. And [I have] been told to wait until I reach the next facility, Auburn [Corr. Fac.], in order to speak with my primary care provider [about having the bunion on my left big toe removed]. Two years have [passed] and [I have] been told to wait

>  until [I get] home in order to have the procedure taken care of. . . . The condition was obvious [and] D.O.C.S. purposefully ignored it . . . .
>  In [any] event[,] the judges [of] this court, [the] Northern District [of New York,] ha[ve] ignored the fact that [I have] been refused [m]y medical [care by] D.O.C.S. . . . from [August] of 2006 to the 7th day of May, 2008[,] beginning with the unfinished procedure of foot toe bunion. . . . [In addition, I] was keeplocked for 30 days [for requesting] . . . Sick Call in Auburn Corr. Fac. on . . . April 4 and April 7, 2008.  When requesting to see [a] medical care provider, [I was] told by [an] Administrative Nurse [that] showers are for homosexuals, and [that] if [I] was to have a seizure there would not be anything they could do.  Knowing [I] was out of medication[,] . . . she stated [that,] due to not having sore[s] on [my] face and body, [I] shouldn't be allowed to have the medication for Eczema and [that] if it was left to [her], [I] would not receive it.  [She] [s]tated [that] on the 8th day of April, 2008.

(*Id*. at ¶¶ 8-9.)  Having a foot bunion does not constitute being in imminent danger of serious physical injury.[4]  Nor does having eczema constitute being in imminent danger of serious physical injury.[5]

---

[4]  *See Menefee v. Pramstaller*, 06-CV-12922, 2006 U.S. LEXIS 52384, at *3-4 (E.D. Mich. July 31, 2006) ("Plaintiff fails to allege that he is under imminent danger of future harm.  Rather, Plaintiff complains that his medical needs are not being met regarding his dental care, allergies, *podiatry issues*, skin discoloration, lack of access to his eye glasses, etc.") [emphasis added]; *cf. Rhoden v. Powers*, 05-CV-0625, 2007 U.S. Dist. LEXIS 6460, at *3 (S.D. Ill. Jan. 29, 2007) prisoner was not in imminent danger of serious physical injury for purposes of 28 U.S.C. § 1915[g], where he alleged that prison medical staff was being negligent with regard to his "problems with *athlete's foot*, as well as some pain near his lungs") [emphasis added].

[5]  *See Williams v. Louisiana*, 07-CV-0602, 2007 U.S. Dist. LEXIS 46376, at *7, 11-12 (E.D. La. May 7, 2007) (prisoner was not in imminent danger of serious physical injury for purposes of 28 U.S.C. § 1915[g], where he alleged that he "has not been furnished a specialized diet for his diabetes and hypertension, nor has he been provided with eyeglasses, hearing aids, or dental plates," and he "complains of a *painful skin condition* and [that he] is in need of back and neck surgeries which had reportedly been recommended by his private physicians prior to him being incarcerated in 2004," but his attachments to his petition reveal that his medical complaints had not been ignored but had been "responded to in a reasonably prompt fashion") [emphasis added]); *Menefee*, 2006 U.S. LEXIS 52384, at *3-4 ("Plaintiff fails to allege that he is under imminent danger of future harm.  Rather, Plaintiff complains  that his medical needs are not being met regarding his dental care, allergies, podiatry issues, *skin discoloration*, lack of access

With regard to his alleged seizure disorder, Plaintiff alleges no facts plausibly suggesting that the denial of showers on April 4 and 7, 2008, would *cause* him to experience seizures, on April 12, 2008 (if ever). (*Id*.) Rather, Plaintiff *appears* to be alleging that, by denying him what he called a "medical shower" on page 4 of his original Complaint (a pleading that has been superseded in its entirety by the filing of his Amended Complaint), the unidentified "Administrative Nurse" has denied him the ability to access a shower that would somehow accommodate his seizure condition (perhaps by having non-slip flooring materials and handrails in the event he experienced a seizure during the shower). To the extent that Plaintiff is so alleging, the "serious physical injury" that he is alleging (e.g., fractures or unconsciousness due to slipping or falling) is entirely *speculative*; thus, there is no "imminent risk" of that injury.[6] Simply stated, the denial of access to "medical showers" or handicap-accessible showers, in and of itself, does not place an inmate in imminent danger of serious physical injury.[7] Finally, I note

---

to his eye glasses, etc.") [emphasis added].

[6]   To the extent that Plaintiff is alleging that the physical injury he is experiencing is the denial of the ability to shower without the fear of falling, I note that the denial of occasional showers does not place one in imminent danger of *serious* physical injury. *See Bowler v. Kendrick*, 08-CV-0210, 2008 U.S. Dist. LEXIS 19710, at *2 (W.D. Va. March 13, 2008) (prisoner was not in imminent danger of serious physical injury for purposes of 28 U.S.C. § 1915[g], where he alleged that he was occasionally being denied showers and recreation).

[7]   *See Grandinetti v. Bateman*, 08-CV-0575, 2008 U.S. Dist. LEXIS 34061, at *2-3 (D. Ariz. Apr. 15, 2008) (prisoner was not in imminent danger of serious physical injury for purposes of 28 U.S.C. § 1915[g], where he alleged that he was being denied, *inter alia*, "medical showers"); *Williams v. Birkett*, 07-CV-12532, 2007 U.S. Dist. LEXIS 62058, at *3-5 (E.D. Mich. Aug. 23, 2007) (prisoner was not in imminent danger of serious physical injury for purposes of 28 U.S.C. § 1915[g], where he alleged that he was being denied access to a shower that could accommodate his handicap), *accord*, *Fuller v. Johnson County Md. of County Comm'rs*, 07-CV-3001, 2007 U.S. Dist. LEXIS 12179, at *2-4 (D. Kan. Feb. 16, 2007). I note that it appears that being denied "slip guards and guard rails" in a prison shower is not even actionable under 42 U.S.C. § 1983. *See Payton v. Epps*, 82 F. App'x 399, 399 (5th Cir. 2003).

that the crux of Plaintiff's seizure claim appears to be a disagreement with a medical care professional over the appropriate care or treatment needed for his seizure disorder, which is not even actionable under 42 U.S.C. § 1983.[8]

For all of these reasons, I find that Plaintiff is not entitled to benefit from the "imminent danger" exception to the "Three Strikes" Rule, and that he must pay the Court's filing fee. Because he has not done so, and has expressed his inability to do so, I recommend that his Complaint be dismissed.

Because I have already found that a reason exists to dismiss Plaintiff's Amended Complaint, I need not, and do not, address the issue of whether Plaintiff's Amended Complaint corrects the pleading deficiencies (pursuant to Fed. R. Civ. P. 8[a][2], 10[b], and 12[b][6]) in his original Complaint, which I identified in my prior Report-Recommendation.  (*See* Dkt. No. 7, at 8-9 [Report-Recommendation of May 27, 2008].)  However, in the event the Court finds it necessary, I would of course promptly do so.

---

[8]   *See Murphy v. Grabo*, 94-CV-1684, 1998 WL 166840, at *4 (N.D.N.Y. Apr. 9, 1998) (Pooler, J.) ("Deliberate indifference, whether evidenced by [prison] medical staff or by [prison] officials who allegedly disregard the instructions of [prison] medical staff, requires more than negligence. . . .  Disagreement with prescribed treatment does not rise to the level of a constitutional claim. . . .  Additionally, negligence by physicians, even amounting to malpractice, does not become a constitutional violation merely because the plaintiff is an inmate. . . .  Thus, claims of malpractice or disagreement with treatment are not actionable under section 1983.") [citations omitted]."); *Sonds v. St. Barnabas Hosp. Corr. Health Servs.,* 151 F. Supp.2d 303, 312 (S.D.N.Y. 2001) (prisoner's "disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention [with regard to the treatment of his broken finger], are not adequate grounds for a section 1983 claim.  These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment.") [citation omitted].

**ACCORDINGLY**, it is

**RECOMMENDED** that Plaintiff's Amended Complaint (Dkt. No. 11) be **DISMISSED** due to (1) Plaintiff's failure to pay the Court's filing fee of three hundred fifty dollars ($350), and (2) his failure, in his Amended Complaint, to allege facts plausibly suggesting that he is entitled to benefit from the exception to the "Three Strikes" Rule (28 U.S.C. §§ 1915[g]) for cases in which prisoners were in imminent danger of serious physical injury at the time they brought the action.

**ANY OBJECTIONS to this Supplemental Report-Recommendation must be filed with the Clerk of this Court within TEN (10) WORKING DAYS, PLUS THREE (3) CALENDAR DAYS from the date of this Supplemental Report-Recommendation (unless the third calendar day is a legal holiday, in which case add a fourth calendar day).** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D.N.Y. L.R. 72.1(c); Fed. R. Civ. P. 6(a)(2), (d).

**BE ADVISED that the District Court, on** *de novo* **review, will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but were not, presented to the Magistrate Judge in the first instance.**[9]

---

[9] *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *Alexander v. Evans,* 88-CV-5309, 1993 WL 427409, at *18 n.8 (S.D.N.Y. Sept. 30, 1993) (declining to consider affidavit of expert witness that was not before magistrate) [citation omitted]; s*ee also Murr v. U.S.*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Petitioner's failure to raise this claim before the magistrate constitutes waiver."); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.") [citations omitted]; *Cupit v. Whitley*, 28 F.3d 532, 535

**BE ALSO ADVISED that the failure to file timely objections to this Supplemental Report-Recommendation will PRECLUDE LATER APPELLATE REVIEW of any Order of judgment that will be entered**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of H.H.S.*, 892 F.2d 15 [2d Cir. 1989]).

Dated: July 24, 2008
       Syracuse, New York

_____
George H. Lowe
United States Magistrate Judge

---

(5th Cir. 1994) ("By waiting until after the magistrate judge had issued its findings and recommendations [to raise its procedural default argument] . . . Respondent has waived procedural default . . . objection[].") [citations omitted]; *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992); *Patterson-Leitch Co. Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.") [citation omitted].